PIERSON T. K. BURPEE & others *vs.* DAVID H. SPARHAWK.

A consignment by an insolvent debtor of goods to be sold for him or on his account is un-
lawful under Gen. Sts. *c.* 118, § 89, if with a view to give a preference he thereby gives
authority to the consignee, who has a claim against him and has reasonable cause to be-
lieve him insolvent, to apply the proceeds of the sale towards payment of the claim.

An allegation that goods were "sold and conveyed" is sustained by proof of a conveyance
of the goods which was a sale in form, although in fact it was a consignment of them to
be sold for or on account of the consignor, with authority for the consignee to apply the
proceeds towards payment of a preëxisting debt which the consignor owed to him.

In an action by assignees in insolvency, under Gen. Sts. *c.* 118, § 89, to recover the value
of goods consigned, in fraud of the insolvent law, by their insolvent to one of his creditors
to sell with authority to apply the proceeds towards payment of his claim, the measure of
damages is the value of the goods at the time when the unlawful preference was made,
and not at the time when the consignee might avail himself of their proceeds.

TORT for the value of goods alleged by the plaintiffs, as as-
signees in insolvency of George R. Henry, to have been sold
and conveyed by him to the defendant as a preference in fraud
of the insolvent law.

At the trial in the superior court, before *Ames,* J., it appeared
that Henry was a manufacturer at Sterling, who had been in
the habit of consigning almost all his goods to be sold on
commission by the defendant at Boston, who had been in
the habit of making advances to him in anticipation of sales;
that at some time during the spring or summer of 1865, the
prices of such goods having greatly declined, and the defend-
ant's advances to Henry being largely in excess of the value of
the goods consigned by Henry which he had on hand, and
Henry having failed on demand to make good the deficiency,
the defendant commenced a suit against him and attached in it
all the goods in dispute in the present action; that on August
10, 1865, the defendant, upon receiving from Henry these goods
and bills of sale of them, discharged the officer and did not
further prosecute his suit; that at the date of the attachment
Henry was in fact insolvent; and that on September 25, 1865,
he filed his petition accordingly in the court of insolvency.

But the evidence as to whether the defendant had reasonable
cause to believe that Henry was insolvent at the time of receiv

ing the bills of sale was conflicting; and Henry himself testified that at the date of the attachment he supposed that he might have one or two thousand dollars left after paying his debts; and he further testified that although he gave the bills of sale, he understood, nevertheless, that the goods were to be sold on his account and passed to his credit.

The defendant asked the judge to give to the jury, among other instructions, the following : 1. That a consignment of goods to be sold on commission for and on account of the consignor, is not such a conveyance of property as the Gen. Sts. *c.* 118, § 89, forbid to be made by an insolvent debtor ; 2. That the plaintiff's declaration being of a sale, and his evidence only of a consignment, there is a fatal variance between allegation and proof ; 3. That the measure of damages, if any, was the value of the goods at the time when the defendant sold them and applied the proceeds towards Henry's indebtedness to him, and not their value on August 10, 1865 ; 4. That the plaintiffs, if they could recover at all, could recover only for such of the goods as were sold before the commencement of proceedings in insolvency by Henry.

The judge did not rule as asked, but instructed the jury that the burden was on the plaintiffs to prove, 1. That the goods were placed in the defendant's hands and under his control with a view to give a preference, that is to say, an advantage over the creditors generally, and 2. That the defendant at the time he received them had reasonable cause to believe that Henry was insolvent ; and that if they should find that both these propositions were established, the plaintiffs would be entitled to recover, with interest, whatever was the value of the goods when the defendant received them. And he further instructed the jury that if they should believe that Henry at the time of the conveyance of the goods, from ignorance or misapprehension, supposed himself to be solvent, or supposed that there was really no balance against him in his accounts with the defendant, then it would be impossible to say that such conveyance could be with view to a preference ; but that the jury must determine on all the circumstances of the case whether Henry, as a man of common

sense, could have so supposed; and that if Henry, knowing or supposing that, as prices then were, he could not pay his debts in full, but expecting that an improvement in prices would within a few weeks or months restore him to solvency, made any payment or gave any security to the defendant, it would be, or might be, a payment with a view to giving him a preference, although Henry's principal purpose might have been to rid him self of the defendant's attachment, and so, resuming business, avail himself of the expected advance of prices.

A verdict being returned for the plaintiffs, the defendant alleged exceptions.

*P. E. Aldrich,* for the defendant.

*G. F. Verry,* for the plaintiffs.

CHAPMAN, J. It was admitted that Henry was in fact insolvent on the 10th of August 1865; and under the instructions given to the jury they must have found that the goods mentioned in the bill of sale of that date were placed in the hands of the defendant and under his control with a view to give him a preference, that is, an advantage over the creditors generally, and that the defendant had reasonable cause to believe that Henry was insolvent. The transfer of the goods was by a bill of sale.

But Henry stated in his testimony that he understood the goods were to be sold by the defendant on his account, and the proceeds passed to his credit; and the defendant's counsel requested the court to instruct the jury that a consignment of goods to a commission merchant to be sold for or on account of the consignor is not such a conveyance of property as is forbidden by Gen. Sts. *c.* 118, § 89, to be made by an insolvent debtor.

But the terms of the statute are very broad, and include "any assignment, transfer or conveyance of any part of the debtor's property, either directly or indirectly, absolutely or conditionally" made with the view specified. A consignment of goods to be sold for or on account of the consignor is within the fair import of these terms, if the consignee is authorized by it to apply the avails of the sales to the payment of a preexisting debt which

the consignor owes him. This must be very clearly so if the consignor gives a bill of sale of the goods, the effect of which is to transfer the legal title to the consignee. And as the transaction was a sale in form, there was no variance between the allegations and proofs. As the purpose of the sale was to secure a preference to the vendee, the measure of damages was the value of the goods at the time when the preference was made, and not at the time when the vendee might avail himself of the proceeds; and it is immaterial whether there was an understanding that the vendee should hold the goods for better prices.

The defendant's request for instructions was properly overruled, and the instructions given to the jury were correct.

*Exceptions overruled.*